A petition for a re-hearing was afterwards presented to *407 the court, and fully argued before Chancellors Jahes and rji THOMPSON.
For the petitioner, it was contended by Mr. K. L. Si-mons, that the petitioner sets up a claim to the relief of ’ 1 r tile court, upon two grounds: '
1st. That being only a surety for the debt, defendant’s Conduct to the principal, has discharged his responsibility.
2d. That the defendant virtually agreed to release him on being paid a part of the debt, which was accordingly paid.
The law is admitted that the answer of defendant is evidence. But what is his answer? The bill states that Mr. J. R. was applied to for the payment of the amount filed by complainant, which is admitted.
The averment of defendant however is only an inference of which the court is to judge. (Vide p. 3. of the answer.)
The admission of a consequence in law or equity, will not bind defendant. See the case of Pearce vs. Groves, 3d. Atk. 522, Ergo it cannot conclude the complainant.
It must then rest on the account. What privity is there between Greenwood and Higginson, and the petitioner? None.
Could an action be maintained against him? Surely not. The books did'not prove the debt to be the petitioner’s. As well might an action be maintained against any other person.
But the counsel think it immaterial whether an action could be sustained or not, because Mr. John Rutledge, being the head of the family, and there having been some sums advanced to the petitioner, equity will compel him to pay.
The sum advanced to the petitioner was 645/. 19s. 6d, The sum claimed on the bond, is nearly 3000/. Is the principle tolerable as a general rule ? Surely7 it is not. It goes too far.
Does the connection of the parties vary thejustice of the *408 case ? Or must the court, because they are brothers, presume the petitioner had no supplies but from his elder brother ?
Then it is material to the consideration whether an ac-tion would lie. If an action would lie against Mr. H. Ri non'e could be maintained against Mr. j. R. to whom the credit was given, and the charge made. What motley principles of justice would this lead to.
But if all these absurdities were reconcileable, still the advances were paid long before the bond was liquidated | for that is admitted to be the fact, provided the remittances were applied to the advances exclusively. Apply them to the entire extent of J. R’s. dealings during the period that H. R. was in England ; apply them as they are in the account, and the entire debt for that period has been satisfied. ’ On the 27th November^ 1767, 645/. 19s. Sd'. was the whole amount advanced for H. R.
The entire balance against Mr. J. R. at that time, was fS7L 17s. 8d. ■■
On the 31st December, of that year, the 'sums paid by" J. R. exceeded that amount by more than 390/.
Did Greenwood ever apply to H. R. ? Who compounded interest and principal ? Who settled the terms of payment? If he'was liable he should have been consulted.
Sed p. 1. and 2 of the' answer, by which it appears that Mr. H. R. was not even consulted.
But it is said it does not appear to the court but that E. R. and H. R. signed for their aliquot parts : but there is no foundation for this idea.
The complainant was regarded as surety in this bond, in the case of H. R. vs. the executor of E. Rutledge.
But the defendant contends that the decree in that suit was res inter alios acta, and not conclusive. This is true; but the decree may surely be evidence' of a fact, though it does not bind the rights of one who is no party to it.
Depositions in a former decree in Chancery are admitted to be read, the same matter being then under exami-ñation as now. Cases in Chancery 73, 175,
*409 Though neither the plaintiff, nor any under whom lie claims, were parties to the former cause. Reports of C. Cases, 73. 2 Roll. 679, cited in Comyns. by Kid, vol. 2, p. 306, 3d edition.
If Mr. H. R. should be considered as a principal, on account of the advances for him, he can’t be so for 3000/. when he received but 600/.
It has been said that Mr. J. R. declared his brother H. R. was a principal. This is not proved — if it were, it is not evidence; and it could only extend to the advances.
It appears then that plaintiff was surety and not principal ; and this lets in the equitable rule, That a surety has a right to call on the creditor to sue his principal, and if he refuses, it is at his. own peril.
In Butler and the comptroller general, it was expressly so declared. In Rees & Berrington — “ if the application is made, it is the creditor’s duty to comply.”
There are several grounds upon which this court has re~ leived; but the above is the one which has never varied.
Defendant made no application for payment to petitioner till May, 1799, one year after the five instalments became due — (p. 2 and 6 of the answer.)
All former applications were made to E. and J. R. — ■ (p. 2 and 7 of the answer.)
The defendant was required to sue Mr. J. R. in May, 1799, but he refused — (p. 5.)
There was a positive agreement with Mr. E. R. to extend the time — (p. 5.)
It is said defendant denies it, and that his answer is conclusive. But this is not so, if the answer be carefully examined — (p. 5.)
Again it is said it was with petitioner’s assent the credit was extended. If his assent is proved, there is an end of the question. But defendant cannot give or alter the terms of the assent, by his answer.
It is said thepetitioner had notice of the extension of credit, And the letters of J. R, are relied on to shew it. But *410 they are dated in 1799, and petitioner then required plaintiff to sue the bond.
®llt n<ráce cannoi affect the petitioner. It is not like the case of bills and notes. His having notice could not enable him to force defendant to sue the bond.
The bond of indemnity respects other claims besides this one.
The strong equity of the petitioner occurred when the request to sue was made and rejected, in May, ’99. And the case ofNesbitand Smith shews that the bond of indemnity cannot affect it.
It is contended that the decree between H. M. R. and H, R. is a bar to the latter in this suit. The counsel has taken opposite grounds on this point. At one time it is res inter alios acta, and cannot be regarded. At another time it bars petitioner, because it was upon the ground of his being bound to the defendant, that it was made. But the truth is, that it embraces various subjects. The bill of petitioner rests part of his equity upon the liability of the funds embraced by that decree to the debt of defendant.
Had the petitioner dropt that suit, it would have relinquished part of his equity.
But it is said that if petitioner succeeds, defendant will be cut off from those very funds.
But this argument is contradictory. In one breath it is said the petitioner must loose his equity because he has rendered those funds amenable to the demand of the defendant, and yet if he succeeds, defendant will not have the benefit of those funds.
It is said the suit might have been useless against Mr. John Rutledge.
In Rees and Berrington the court said it would not speculate on that question.
The payment made by Mr. H. R. in consequence of the agreement, is said to have been merely on account, because it did not discharge the bond. But the creditor by accepting that payment, ratified the terms on which it was *411 offered, and acquiesced therein, and this put an end to the liability of Mr. H. R.
If the court should, after all, not perceive sufficient grounds to reverse the decree, yet it may surely continue the injunction, until the funds destined under the mortgage made by Mr. J. R. to indemnify his brothers, can be añade available, for in agreeing to take 1000/. from Mr. E. R. and the crop of defendant, he is entitled to the benefit of the securities they had, and ought to wait .till they are made productive.
For the defendant, it was argued, where the complainant calls for an answer, that answer is conclusive, unless contradicted by two witnesses. The defendant has denied the allegation that Mr. H. R. was surety, and produced am. account, in which are items for the use and benefit of Mr. H. R. and he is not contradicted..
It must be admitted the bond was given in part for the advances to Mr. H. R. He would not inquire whether an action will lie at law, but Mr. J. R. being the head of the family, upon the principles of equity, Mr. H. R. ought to pay for these advances made for his own use.
Admits the account as far as it respects Mr. H. R. would be discharged, if the credits were applied exclusively to that account. But there is no reason why they should be so applied.
Answer states that defendant believes Mr. J. R. communicated with Mr. H, R. respecting defendant’s application for payment. Mr. J. R’s. letters prove it.
Admitting Mr. H. R. merely a surety, Mr. Greenwood has done nothing to discharge him. Mr. H. R. paid two hundred pounds unconditionally on the bond. Defendant expressly swears he did not intend to receive it in full or under any agreement — but as a general payment.
The decree between the executor of E. R. and petitioner was res inter alios acta, as to this defendant.
Consider Mr. Rutledge as surety, the case of But- *412 Ier & Hamilton, if properly examined and applied, con-eludes him. The court refused to release the security.
The Pr^nc^Pa^ c;lses on this suhject, goes upon the circumstance of the obligee extending the time of payment, and depriving the surety of his right to have the principal sued, when he might require it. Mere indulgence is not enough; it must be such an actual extension of the time of payment as varies the contract.
~Was any credit ever given to Mr. J. R. against the consent of the petitioner ? Mr. Greenwood offered to sue all the obligors, but it was refused. This shewed that he considered all to be principals. Greenwood never put it out of his power to sue the principal at any moment.
Mr. H. R. knew G. had indulged before the last instalment became due. The bill states that Mr. H. R. inquired of Iris brother Edward in 179/, respecting this bond, and took a bond of indemnity from Mr. E. R.
There is but one point on which any hope could be reasonably entertained, viz.’ a release. But what proof of that ? The receipt for the 200/. is unconditional. The answer is express to this fact, and it was not against the consent of the security that the creditor waited for the 1000/. promised by Mr. E. R.
If Mr. H. R. was discharged by laches of the creditor, upon what principle did he apply to the court to indemnify her out of the estates of Messrs. E. & J. Rutledge i
The decree in the suit by H. R. against the executors of E. R. directs an indemnification of petitioner against the bond. This surely admits his liability under the bond.— .But if it did not, should a decree made sub sileniio govern the rights of third persons ? Surely not.